IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

INFINITY, #C27692 *
    Petitioner,
v.      *      CIVIL ACTION NO. RDB-10-1359

DAWN S. WIGGINS *
    Respondent.
                                ***

## MEMORANDUM OPINION

This action, submitted as a 28 U.S.C. § 1361 Petition for mandamus relief, along with an application to proceed *in forma pauperis*, was filed by Petitioner, who is confined at the Ironwood State Prison in Blythe, California. The application to proceed without the prepayment of filing fees will be granted and the Petition will be dismissed for the failure to state a claim upon which relief may be granted.

Petitioner is identified by the single name "Infinity." He filed this Petition against the Freedom of Information Officer for the Social Security Administration, seeking to compel her to disclose the names of the person or persons responsible for programming the Social Security Administration's computer system so that it requires two names in order to generate a Social Security Card.[1]

Title 28 U.S.C. § 1361 confers "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States to perform a duty owed…" Mandamus is a drastic remedy and should only be used in extraordinary circumstances. *See Kerr v. United States Dist. Court,* 426 U.S. 394, 402 (1976); *In re Beard,* 811 F.2d 818, 826 (4th Cir.

---

[1] According to an attachment in another case filed by Petitioner, he submitted a Freedom of Information Act ("FOIA") request to the Social Security Administration. Petitioner received a letter from Respondent Wiggins indicating that his request for records had been received. On May 19, 2010, Respondent sent an explanatory letter to Petitioner and indicated that if he disagreed with the decision he could filed a Freedom of Information Appeal within 30 days to the Executive Director for the Office of Privacy. *See Infinity v. Ziporkin,* Civil Action No. RDB-10-1565 (D. Md.), Paper No. 1 at pgs. 8 & 10.

1987). Only "exceptional circumstances" amounting to "a judicial usurpation of power" or a "clear abuse of discretion" will justify the invocation of the writ of mandamus." *Cheney v. U.S. District Court for District of Columbia*, 542 U.S. 367, 380 (2004). The conditions necessary for issuance of a writ of mandamus against federal officials are clear. Petitioner must show that he has the clear and indisputable legal right to the relief sought; respondent has a legal duty to do the particular act requested; the act requested is an official act or duty; there are no other adequate means to attain the relief he seeks; and the issuance of the writ will effect right and justice in the circumstances. *See Kerr*, 426 U.S. at 403. The failure to show any of these prerequisites defeats a district court's jurisdiction under 28 U.S.C. § 1361. *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993). In addition, mandamus cannot be used to compel the performance of discretionary duties of federal government officers; mandamus will lie only to compel ministerial acts where the obligation to act is peremptory and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable. *See Central South Carolina Chapter, Soc. of Professional Journalists, Sigma Delta Chi v. United States District Court for the District of South Carolina*, 551 F.2d 559, 562 (4th Cir. 1977); *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *First Fed. Sav. & Loan Ass'n. v. Baker*, 860 F.2d 135, 138 (4th Cir. 1988).

The Petition neither establishes that Petitioner has a clear right to the relief requested nor that Respondent has a clear duty to perform a ministerial act that is peremptory and clearly defined.[2] Accordingly, the Petition shall be dismissed for the failure to state a claim upon which

---

[2] Petitioner filed a separate petition for mandamus seeking to compel the Social Security Administration ("SSA") to recognize his legal name change and issue a replacement Social Security card

2

relief may be granted under 28 U.S.C. § 1361.

For the aforementioned reasons, the Petition shall be dismissed. A separate Order shall be entered following the reasoning of this Memorandum Opinion.

Date: ~~July 30~~ August 9, 2010

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

with "only a one word/single name 'Infinity' on it." *See Infinity v. SSA*, Civil Action No. RDB-09-3130 (D. Md.). After briefing by the parties, on July 21, 2010, the Court denied mandamus relief and dismissed the Petition, finding that the SSA had substantially complied with Petitioner's 2009 request in that his SSA records and number reflected the name Infinity and his Social Security card reflected the name "'Unknown' Infinity" to satisfy SSA requirements that the card be issued with a full first name and last name. *Id.* at Paper Nos. 18 & 19.

3